```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | | |
|---|---|---|
| AUDREY ANISSA WILFORD | § | |
| | § | |
| VS. | § | Civil Action No.4:22-CV-011-Y |
| | § | |
| UNITED STATES OF AMERICA | § | |

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

Audrey Anissa Wilford initiated this action with a motion for return of property under Federal Rule of Criminal Procedure 41(g) filed in the underlying criminal case number 4:20-CV-339-Y (18). The Court, following Fifth Circuit precedent, deemed the motion a civil suit seeking the equitable relief of the return of money. Now pending is the motion to dismiss (doc. 14) Wilford's motion for return of property under Federal Rule of Civil Procedure 12(b)(1), which was filed by the United States ("USA"). After review of the motion and related briefs, the Court concludes that the motion to dismiss must be granted, and Wilford's claims should be dismissed without prejudice for lack of jurisdiction.

I.  **BACKGROUND**

In the underlying criminal case, Wilford pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(c), and was sentenced to a term of imprisonment of seventy months. (Judgment, *United States v. Wilford*, No. 4:20-CR-339-Y (18)(doc. 848).) At the time of arrest, Wilford lived with Robert Harris, Jr., a co-defendant in the case, and had distributed drugs

in partnership with him. (Complaint for Forfeiture, *United States v. $21,255 in U.S. Currency,* No. 4:22-CV-368-O (doc. 1.) at 7-8, 11).)[1]  Harris was also convicted and received a 188-month sentence. (*Id.* at 10.) The residence where Wilford and Harris resided was searched. *(Id.* at 7-9.) Officers found cash totaling $21,255 (the cash at issue here)[2] in the master bedroom's closet and in the top drawer of a vanity. (*Id.* at 9.)

The Drug Enforcement Administration ("DEA") subsequently initiated an administrative forfeiture proceeding against the $21,255 in cash.(App. (doc. 15) 18-28, December 10, 2020 Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings.) Notices were sent to both Wilford (via her attorney and to her residence) and Harris (via his attorney and to his residence).(App. (doc. 15) 19–28.) Harris, through his attorney, submitted a claim, but the claim was found to be defective and returned because it did not state the claimant's interest in the property and was not signed by the claimant. (App. (doc. 15) 31–37.)  In her motion for return of property, Wilford states that she "received documentation in the mail to claim seized cash and responded with documentation and never received a response." (Mot.

---

[1] The Court takes judicial notice of the civil forfeiture proceeding now pending in case number 4:22-CV-378-O. See Fed. R. Evid.(b)(1) and (2), (c)(1).

[2] Wilford's motion refers to seeking "26,000 in cash. "(Mot. Return of Property 1, (doc. 1). The actual amount was $21,255.

Return of Property (doc. 1) 1.) In the motion to dismiss, the USA reports that the DEA does not have any record of having received any administrative claim from Wilford in the administrative proceeding. (Mot. Dismiss (doc. 14) 3.) After becoming aware of Wilford's assertion that she had previously submitted an administrative claim, and because at least one other party has attempted to assert a claim to the same cash (Harris), the USA informs the Court that the DEA then referred the matter to the U.S. Attorney's Office for initiation of a judicial forfeiture proceeding, which resulted in the filing of case number 4:22-CV-368-O, *United States v. $21,255 in U.S. Currency*.

## II.  LEGAL STANDARDS

Under Rule 12(b)(1), a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citation omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."*Id*. (citation omitted).

The Court may consider matters outside the pleadings in resolving a motion for lack of subject-matter jurisdiction under Rule 12 (b)(1). *See Allen v. Schafer*, No.4:08-CV-120-SA-DAS, 2009

WL 2245220, at *2 (N.D. Miss. July 27, 2009)("It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts")(citing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986)).

### III.    ANALYSIS

"Rule 41[g] does not require the district court to order the government to return the property." *Industrias Cardoen*, *Ltd. v. United States*, 983 F.2d 49, 51 (5th Cir. 1993). And "whether based on Rule 41[g] or on the general equitable jurisdiction of the federal court" (as is the case here), "[a]ctions seeking the return of property are governed by equitable principles." *Id.* (citing *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975)). "'Whether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court.'" *Id.* (quoting *Richey*, 515 F.2d at 1243).

One factor that a court may and should consider when deciding whether to exercise discretionary equitable jurisdiction is "whether the petitioner has an adequate remedy at law for the redress of the petitioner's grievance." *Id.* (citations omitted). For example, in *Industrias Cardoen*, the Fifth Circuit affirmed a district court's dismissal of a return-of-property proceeding because the government had initiated a judicial forfeiture proceeding, and that proceeding "provided appellants with an

-4-

adequate remedy at law to demonstrate that they are entitled to the return of the [property]." *Id.* at 52.

Wilford has such a remedy here. Because the government has now initiated a judicial forfeiture proceeding to determine whether the $21,255 at issue should be forfeited to the government, Wilford has an adequate remedy at law. Thus, this equitable proceeding may therefore be dismissed without prejudice. Indeed, equity particularly favors dismissal of this proceeding in favor of the judicial forfeiture action given that, in addition to the government and Wilford, there is at least one additional possible competing claimant to the cash at issue--Harris, who previously attempted to file an administrative claim.

Dismissing this case in favor of the judicial forfeiture action will allow all interested parties with a potential claim to the cash to assert those claims and for those matters to be resolved in one single proceeding. Under these circumstances, dismissal of this proceeding without prejudice would be an appropriate and proper exercise of the Court's discretion to in controlling the use of its equitable jurisdiction. *See Industrias Cardoen*, 983 F.2d at 52; *see also CFK, LLC v. United States*, 324 F.R.D. 236, 238 (D. Utah 2018)(dismissing a return-of-property motion with an explanation that "[o]nce the government filed its civil forfeiture, [the claimant] obtained an adequate remedy at law and it is irrelevant that [the claimant] filed its equitable motion

for return of property first"); *see also Abernathy v. Kral*, 305 F. Supp. 3d 795, 797 (N.D. Ohio 2018)(dismissing return-of-property motions given that the government had initiated a civil forfeiture action which "provide[d] the plaintiff with an adequate legal remedy for seeking to regain the seized funds")(citation omitted); *United States v. Diaz-Flores*, No. 2:11-CR-399-LDG, 2012 WL 1292460, at *1 (D. Nev. Apr. 13, 2012)("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant")(quotation and citation omitted)).

A review of the docket of the forfeiture proceeding shows that Wilford has now been made aware of that proceeding. *United States v. $21,255 in U.S. Currency*, No.4:22-CV-368-O (docs. 7-8.) Also, Wilford has now filed two short documents in this action (docs. 19 and 20) in which she appears to reiterate her claim that the money should be returned to her. She filed them without otherwise filing any response to the motion to dismiss, even though she had sought and was granted an extension of time to respond. As such, it appears that Wilford does not contest that this action may now be dismissed given the pendency of the separate forfeiture proceeding in which she can pursue her claim to return of the cash. Wilford has not provided any argument or authority demonstrating that the Court should continue to exercise jurisdiction, and therefore the government's motion to dismiss should be granted.

**IV. ORDER**

Therefore, defendant USA's motion to dismiss (doc. 14) is GRANTED, and this action is DISMISSED without prejudice for lack of jurisdiction.

SIGNED July 20, 2022.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE